```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____           │
│ DATE FILED: 12/10/2020                    │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRINIA M. ROJAS DE CASTRO,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

19-CV-11200 (VEC)

ORDER

---

VALERIE CAPRONI, United States District Judge:

Plaintiff Brinia M. Rojas de Castro ("Ms. Rojas de Castro") brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of her application for supplemental security income ("SSI"). *See* Compl., Dkt. 5. On December 9, 2019, the Court referred this matter to Magistrate Judge Sarah Cave for the preparation of a Report and Recommendation ("R&R"). Order of Reference, Dkt. 7. The parties cross-moved for judgment on the pleadings. Dkts. 17, 20. On November 4, 2020, Magistrate Judge Cave issued an R&R recommending that Plaintiff's motion be denied and that the Commissioner's motion be granted. R&R, Dkt. 22.

In the R&R, Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings. R&R, Dkt. 22, at 25–26. Judge Cave further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. *Id.* at 26 (using capital letters and bold font). On November 4, 2020, the R&R was emailed to the parties through their respective counsel. No objections were filed. The Court assumes familiarity with the facts and background of this matter. For the following reasons, the Court ADOPTS the R&R, and the case is DISMISSED.

1

**DISCUSSION**

In reviewing final decisions of the Social Security Administration ("SSA"), courts

"'conduct a plenary review of the administrative record to determine if there is substantial

evidence, considering the record as a whole, to support the Commissioner's decision and if the

correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir.

2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'[S]ubstantial evidence' is

'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per

curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C).  When, as here, no party objects to the magistrate judge's report and

recommendation, the Court may accept the report and recommendation provided that "there is no

clear error on the face of the record." *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007)

(quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P.

72(b) advisory committee's note.  An error is clear when the reviewing court is left with a

"definite and firm conviction that a mistake has been committed." *See Cosme v. Henderson*, 287

F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

Careful review of the R&R reveals that there is no clear error, and the Court agrees with

the recommendation that Ms. Rojas de Castro's motion be denied and the Commissioner's

motion be granted.  Judge Cave evaluated the Administrative Law Judge's ("ALJ") decision

using the right standard of review, finding that the ALJ in turn employed the correct legal

standard and that the ALJ's decision was supported by substantial evidence.  R&R at 16–17.  It is

2

clear Judge Cave thoroughly reviewed the record, including Ms. Rojas de Castro's various medical appointments, prescriptions, reports, and imaging.  *See* R&R at 3–14.

Judge Cave also addressed Ms. Rojas de Castro's arguments, including her contention that the ALJ did not give sufficient weight to a 2018 Medical Source Statement prepared by licensed master social worker (LMSW) Kelly Erickson-Jorge and stamped by psychiatrist Karamchand Rameshwar.  R&R at 7–8, 20–22.  The Court agrees with Judge Cave and the ALJ's assessment that the 2018 Medical Source Statement's evaluation of Ms. Rojas de Castro's limitations seems to be an outlier that is not supported by the medical documents contained in the record.  The 2018 Medical Source Statements notes extreme losses in Ms. Rojas de Castro's ability to understand and remember, her need for constant assistance, and her inability to carry out short and simple instructions.  R&R at 8, 21–22.  But medical evaluations consistently found Ms. Rojas de Castro in need of only limited assistance, that her short-term and long-term memory were intact, and that she was able to follow simple directions.  *See, e.g.*, R&R at 4, 9 (detailing that Ms. Rojas de Castro is able to take basic care of herself); *id.* at 4 (noting that Dr. Broska concluded that "there was no evidence of any psychiatric limitation following and understanding simple directions and instructions"); *id.* at 10 (describing Dr. Elkin's findings that Ms. Rojas de Castro's neurological exam was normal including her short-term and long-term memory); *id.* 14 (noting that Ms. Rojas de Castro's health insurance provided a service plan which included home health care assistance for five hours on both Saturdays and Sundays for a six-month period with the expectation that her situation would improve within the next six months).

Judge Cave also correctly evaluated the ALJ's conclusion that Ms. Rojas de Castro had the residual functional capacity ("RFC") to perform light work, with appropriate limitations that

would address her impairments.  Record, Dkt. 12 at 26–27.  Judge Cave clearly reviewed the extensive record to determine that the ALJ correctly considered the relevant factors in making her findings with respect to Ms. Rojas de Castro's RFC.  R&R at 23 (citing *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 259 (2d Cir. 1988)).  Moreover, Judge Cave took into account both Ms. Rojas de Castro's physical and mental impairments when she concluded that the ALJ's conclusions were sound.  R&R at 23–24.

Given that Judge Cave correctly concluded that substantial evidence supports the ALJ's decision, she was correct to conclude that further evidentiary proceedings were not needed, that the Plaintiff's motion should be denied, and that the Commissioner's motion should be granted.

## CONCLUSION

With no clear error in any of Judge Cave's analysis or conclusions, the Court adopts the R&R in full.  For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED.  Defendant's motion for judgment on the pleadings is GRANTED.

Because the R&R gave the parties adequate warning, *see* R&R at 25–26, Petitioner's failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

4

**SO ORDERED.**

**Date:  December 10, 2020**
**New York, New York**

                         **VALERIE CAPRONI**
                  **United States District Judge**

5